KOGAN, Chief Justice,
concurring in part and dissenting in part.
I agree that Judge Eaton’s suggested change dealing with disclosure of aggravating and mitigating circumstances in capital cases should be included in the majority opinion for comment. However, because I believe the current rules governing discovery depositions in felony and juvenile cases are adequate, I dissent from the remainder of the opinion.
APPENDIX
RULE 3.220. DISCOVERY
(a) Notice of Discovery. IfAfter the filing of the charging document, a defendant should eleetmay elect to participate in the discovery process provided by these rules, including the taking of discovery depositions, the- defendant shall-fileby filing with the court and serveserving on the prosecuting attorney notice of the defendant’s intent-to participate in discovery, — Thea “Notice of Discovery” which shall bind both the prosecution and defendant to all discovery procedures contained in these rules. The defendant may take discovery depositions on the filing of the notice, — The -defendant’s partici-patfeagParticipation by a defendant in the discovery process, including the defendant’-s taking of theany deposition of any personby a defendant, shall be an election to participate in discovery. If any defendant knowingly or purposely shares in discovery obtained by a codefendant, the defendant shall be deemed to have elected to participate in discovery.
(b) Prosecutor’s Discovery Obligation.
(1) After the filing-of-the charging document,- within 15 days after-service of the defendant’s notice of election to participate in discovery Within 15 days after service of the Notice of Discovery, the prosecutor shall serve a written Discovery Exhibit which shall disclose to defense counselthe defendant and permit eeuaselthe defendant to inspect, copy, test, and photograph the following information and material within the state’s possession or control:
(A) a list of the names and áddresses of all persons known to the prosecutor to have information that may be relevant to the any offense charged and-toor any defense with respectthereto, or to any similar fact evidence to be presented at trial under section 90.404(2), Florida Statutes. The defendant may-take the deposition-of any person- -not designated by the prosecutor- as — a—persom
(i) who---performed only a -ministerial function with respect to the- case or whom the prosecutor does not,- in-good faith, intend to call at trial; and
(ii) whose involvement-with and knowledge-of-the case is-fully-set out in a police-report-or other statement-furnished to- the defense;The names and addresses of persons listed shall be clearly designated in the following categories:
(i) Category A. These witnesses shall include (1) eye witnesses, (2) alibi witnesses and rebuttal to alibi witnesses, (3) witnesses who were present when a recorded or unrecorded statement was taken from or made by a defendant or codefendant, which shall be *669 separately identified within this category, (4) investigating officers, (5) witnesses known by the prosecutor to ’have any material information that tends to negate the guilt' of the defendant as to any offense charged, (6) child hearsay witnesses, and (7) expert witnesses who have not provided a written report and a curriculum vitae or who are going to testify to test results or give opinions that will have to meet the test set forth in Frye v. United States, 293 F. 1013 (D.C.Cir.1923).
(ii) Category E. All witnesses not listed in either Category A or Category C.
(iii) Category C. All witnesses who performed only ministerial functions or whom the prosecutor does not intend to call at trial and whose involvement with and knowledge of the case is fully set out in a police report or other statement furnished to the defense;
(B) the statement of any person whose name is furnished in compliance with the preceding subdivision. The term “statement” as used herein includes a written statement made by the person and signed or otherwise adopted or approved by the person and also includes any statement of any kind or manner made by the person and written or recorded or summarized in any writing or recording. The term “statement” is specifically intended to include all police and investigative reports of any kind prepared for or in connection with the case, but shall not include the notes from which those reports are compiled;
(C) any written or recorded statements and the substance of any oral statements made by the accuseddefendant, including a copy of any statements contained in police reports or report summaries, together with the name and address of each witness to the statements;
(D) any written or recorded statements and the substance of any oral statements made by a codefendant if the trial is to be a joint one;
(E) those portions of recorded grand jury minutes that contain testimony of the aeeu-seddefendant;
(F) any tangible papers or objects that were obtained from or belonged to the accu-seddefendant;
(G) whether the state has any material or information that has been provided by a confidential informant;
(H) whether there has been any electronic surveillance, including wiretapping, of the premises of the accuseddefendant or of conversations to which the accuseddefendant was a party and any documents relating thereto;
(I) whether there has been any search or seizure and any documents relating thereto;
(J) reports or statements of experts made in connection with the particular case, including results of physical or mental examinations and of scientific tests, experiments, or comparisons; and
(K) any tangible papers or objects that the prosecuting attorney intends to use in the hearing or trial and that were not obtained from or that did not belong to the accusedde-fendant.
(2) If the court determines, in camera, that any police or investigative report contains irrelevant, sensitive information or information interrelated with other crimes or criminal activities and the disclosure of the contents of the police report may seriously impair law enforcement or jeopardize the investigation of those other crimes or activities, the court may prohibit or partially restrict the disclosure.
(3) The court may prohibit the state from introducing into evidence any of the foregoing material not disclosed, so as to secure and maintain fairness in the just determination of the cause.
(4) As soon as practicable after the filing of the charging document the prosecutor shall disclose to the defense counseldefen-dant any material information within the state’s possession or control that tends to negate the guilt of the accuseddefendant as to theany offense charged, regardless of whether the defendant has incurred reciprocal discovery obligations.
(5) The prosecutor shall pe^orm-the-fore-going obligations in any manner mutually *670 agreeable to the-prosecutor and defense counsel or as ordered by the court.
(c) Disclosure to Prosecution.
(1)After the filing of the charging document and subject to constitutional limitations, a judicial officerthe court may require the accuseda defendant to:
(A) appear in a lineup;
(B) speak for identification by witnesses to an offense;
(C) be fingerprinted;
(D) pose for photographs not involving reenactment of a scene;
(E) try on articles of clothing;
(F) permit the taking of specimens of material under the defendant’s fingernails;
(G) permit the taking of samples of the defendant’s blood, hair, and other materials of the defendant’s body that involves no unreasonable intrusion thereof;
(H) provide specimens of the defendant’s handwriting; and
(I) submit to a reasonable physical or medical inspection of the defendant’s body.
(2)WheneverK the personal appearance of the accuseda defendant is required for the foregoing purposes, reasonable notice of the time and plaeelocation of the appearance shall be given by the prosecuting attorney to the accuseddefendant and his or her counsel. Provisions may be made for appearances for such purposes in an order admitting the ac-easeda defendant to bail or providing for the accused’s pretrial release.
(d) Defendant’s Obligation.
(1) If a defendant elects to participate in discovery, either through filing the appropriate notice or by participating in any discovery process, including the taking of a discovery deposition, the following disclosures shall be made:
(A) Within ?16 days after receipt by the defendant of the list of names and addresses-Discovery Exhibit furnished by the prosecutor pursuant to subdivision (b)(1)(A) of this rule, the defendant shall furnish to the prosecutor a written list of the names and addresses of all witnesses whom the defendant expects to call as witnesses at the trial or hearing. When the prosecutor subpoenas a witness whose name has been furnished by the defendant, except for trial subpoenas, reasonable notice-shall be given to-the-dnfen-dant as to the time and place of-examination pur-suantto the subpoena. ■ At such-examination, the^ defendant through defense counsel, shall have--the-right to be-present and to examine the witness. The physical-presence of the defendant shall be governed-by-rule 3.220(h)(6)-the rules applicable to the taking of depositions shall apply.
(B) TheWithin 15 days after receipt of the prosecutor’s Discovery Exhibit the defendant shall-disclose to-the-prosecutor and permit the.prosecutor to inspect,-copy, .test, and photographdefendant shall serve a written Discovery Exhibit which shall disclose to and permit the prosecutor to inspect, copy, test, and photograph the following information and material that is in the defendant’s possession or control:
(i) the statement of any person listed in subdivision (d)(1)(A), other than that of the defendant;
(ii) reports or statements of experts made in connection with the particular case, including results of physical or mental examinations and of scientific tests, experiments, or comparisons; and
(iii) any tangible papers or objects that the defendant intends to use in the hearing or trial.
(2) The defendant shall make the -foregoing- -disclosures within 15 days--after-receipt by the defendant-of the corresponding-disclosure-from the prosecutor, — The--defendant shall perform the foregoing obligations — in any manner-mutually agreeable to-the-de-fen-dant-and- the prosecutor7-or-as ordered by-the-eeuntrThe prosecutor and the defendant shall perform their obligations under this rule in a manner mutually agreeable or as ordered by the court.
(3) The filing of a motion for protective order by the prosecutor will automatically stay the times provided for in this subdivision. If a protective order is granted, the defendant may, within 2 days thereafter, or *671 at any time before the prosecutor furnishes the information or material that is the subject of the motion for protective order, withdraw the defendant’s notice of discovery and not be required to furnish reciprocal discovery.
(e) Restricting Disclosure. The court on its own initiative or on motion of counsel shall deny or partially restrict disclosures authorized by this rule if it finds there is a substantial risk to any person of physical harm, intimidation, bribery, economic reprisals, or unnecessary annoyance or embarrassment resulting from the disclosure, that outweighs any usefulness of the disclosure to either party.
(f) Additional Discovery. On a showing of materiality, the court may require such other discovery to the parties as justice may require.
(g) Matters Not Subject to Disclosure.
(1) Work Product. Disclosure shall not be required of legal research or of records, correspondence, reports, or memoranda to the extent that they contain the opinions, theories, or conclusions of the prosecuting or defense attorney or members of their legal staffs.
(2) Informants. Disclosure of a confidential informant shall not be required unless the confidential informant is to be produced at a hearing or trial or a failure to disclose the informant’s identity will infringe the constitutional rights of the accuseddefendant.
(h) Discovery Depositions.
(1) Generally. At any time after the filing of the charging document the defend-antany party may take the deposition upon oral examination of any person who may have.information relevant to the offense charged authorized by this rule. Subject to the provisions of this^u-le^aA party taking a deposition shall give reasonable written notice to each other party and shall make a good faith effort to coordinate the date, time, and location of the deposition to accommodate the schedules of other parties and the witness to be deposed. The notice shall state the time and the place location where the deposition is to be taken-and, the name of each person to be examined, and a certificate of counsel that a good faith effort was made to coordinate the deposition schedule. After notice to the parties the court may, for good cause shown, extend or shorten the time and may change the plaeelocation of takingthe deposition. Except as provided herein, the procedure for taking the deposition, including the scope of the examination, shall be the same as that provided in the Florida Rules of Civil Procedure. Any deposition taken pursuant hereto to this rule may be used by any party for the purpose of contradicting or impeaching the testimony of the deponent as a witness. The trial court or itsthe clerk of the court shall, upon application, issue subpoenas for the persons whose depositions are to be taken. In any case, including multiple defendants or consolidated cases, no be deposed more than once except by consent of the parties or by order of the court issued on good cause shown. A witness who is a resident of the state may be required to attend ana esaminationdep osition only in the county wfaerein-the person resides, is employed, or regalarly-transacts his or her business in person where the witness resides, where the witness is employed, or where the witness regularly transacts his or her business in person. A perseswitness who refuses to obey a duly served subpoena served on him or-her-may be adjudged in contempt of the court from which the subpoena issued.
(A) No defendant may take-the deposition of a person designated under subdivision (b)(1)(A) unless an-order-has been entered by the trial court permitting-the-taking of the deposition-based on good cause shown by the defendant.The defendant may, without leave of court, take the deposition of any witness listed by the prosecutor as a Category A witness or listed by a co-defendant as a witness to be called at a joint trial or hearing. After receipt by the defendant of the Discovery Exhibit, the defendant may, without leave of court, take the deposition of any unlisted witness who may have information relevant to the offense charged. The prosecutor may, without leave of court, take the deposition of any witness listed by the defendant to be called at a trial or hearing.
*672 (B) Abuses by either the prosecutor or the defendant in designating-and seeking to-take the depositions of-those persons designated under subdivision-(b)(l)(A) are subjeeh-to-the sanctions provisto- of this-ndedSTo party may take the deposition of a •witness listed by the prosecutor as a Category B witness except upon leave of court with good cause shown. In determining whether to allow a deposition, the court should consider the consequences to the defendant, the complexities of the issues involved, the complexity of the testimony of the witness (e.g., experts), and the other opportunities available to the defendant to discover the information sought by deposition.
(C) A witness listed by the prosecutor as a Category C witness shall not be subject to deposition unless the court determines that the witness should be listed in another category-
(C)(D) No deposition shall be taken in a case in which the defendant is charged only with a misdemeanor or a criminal traffic offense when all other discovery provided by this rule has been complied with unless good cause can be shown to the trial court. In determining whether to allow a deposition, the court should consider the consequences to the defendant, the complexity of the issues involved, the complexity of the witness’ testimony (e.g., experts), and the other opportunities available to the defendant to discover the information sought by deposition. However, this prohibition against the taking of depositions shall not be applicable if following the furnishing of discovery by the defendant the state then takes the statement of a listed defense witness pursuant to section 27.04, Florida Statutes.
(2)Transcripts. No transcript of a deposition for which a county may be obligated to expend funds shall be ordered by a party unless it is:
(A) agreed between the state and any defendant that the deposition should be transcribed and a written agreement certifying that the deposed witness is material or specifying other good cause is filed with the court or
(B) ordered by the court on a showing that the deposed witness is material or on showing of good cause.
This rule shall not apply to applications for reimbursement of costs pursuant to section 939.06, Florida Statutes, and article I, section 9, of the Florida Constitution.
(3) PlaceLocation of Deposition. The deposition shall be taken in a building where the trial will be held, such other plaeelocation agreed on by the parties, or such piaeelocation as the trial judge, administrative judge, or chief judge may designate by special or general order.
(4) Depositions of Sensitive Witnesses. Depositions of children under the age of 16 shall be videotaped unless otherwise ordered by the court. The court may order the videotaping of a deposition or the taking of a deposition of a witness with fragile emotional strength to be in the presence of the trial judge or a special master.
(5) Depositions of Law Enforcement Officers. Subject to the general provisions of subdivision (h)(1), law enforcement officers shall appear for deposition, without subpoena, upon written notice of taking deposition delivered at the address of the law enforcement agency or department, or an address designated by the law enforcement agency or department, five days prior to the date of the deposition. Law enforcement officers who fail to appear for deposition after being served notice are subject to contempt proceedings.
(g)(6) Witness Coordinating Office/Notice of Taking Deposition. If a witness coordinating office has been established in the jurisdiction pursuant to applicable Florida Statutes, the deposition of any law-enforcement- officerwitness should be coordinated through that office. The witness coordinating office should attempt to schedule the depositions of ^witnesses, especially law- enforcement officers, at a time and pla-eelocation convenient for the witness and acceptable to counsel-fbr both the defense and the prosecutionthe parties.
(6)(7) Defendant’s Physical Presence. A defendant shall not be physically present at a deposition except on stipulation of the parties *673 or on court-order-for — good^eause-showmas provided by this rule.
(A)-The-defendant-may-move for an-order-permittingThe court may order the physical presence of the defendant on a showing of good cause. In-r-uling-onr-the-motjon-theThe court may consider (A) the need for the physical presence of the defendant to obtain effective discovery, (B) the intimidating effect of the defendant’s presence on the witness, if any, and-(C) any cost or inconvenience related -to-the-defendant’s presence which may result, and (D) any alternative electronic or audio/visual means available.
(B) In considering the defendant’s motion to be physically present at a discovery deposition, the court may consider alternative electronic or audio/visual means to protect the defendant’s ability to participate in discovery-without-the-defendant’s physical presence
(8) Telephonic Statements. On stipulation of the parties and the consent of the witness, the statement of a law enforcement officer may be taken by telephone in lieu of the deposition of the officer. In such case, the officer need not be under oath. The statement, however, shall be recorded and may be used for impeachment at trial as a prior inconsistent statement pursuant to the Florida Evidence Code.
(i) Investigations Not to Be Impeded. Except as is otherwise provided as to matters not subject to disclosure or restricted by protective orders, neither the counsel for the parties nor other prosecution or defense personnel shall advise persons having relevant material or information (except the accused-defendant) to refrain from discussing the case with opposing counsel or showing opposing counsel any relevant material, nor shall they otherwise impede opposing counsel’s investigation of the case.
(j) Continuing Duty to Disclose. If, subsequent to compliance with the rules, a party discovers additional witnesses or material that the party would have been under a duty to disclose or produce at the time of the previous compliance, the party shall promptly disclose or produce the witnesses or material in the same manner as required under these rules for initial discovery.
(k) Court May Alter Times. The court may alter the times for compliance with any discovery under these rules on good cause shown.
(l) Protective Orders.
(1) Motion to Restrict Disclosure of Matters. On a showing of good cause, the court shall at any time order that specified disclosures be restricted;, ©r-deferred, or exempted from discovery, that certain matters not be inquired into, that the scope of the deposition be limited to certain matters, that a deposition be sealed and after being sealed be opened only by order of the court, or make such other order as is appropriate to protect a witness from harassment, unnecessary inconvenience, or invasion of privacy, including prohibiting the taking of a deposition, provided.that aAll material and information to which a party is entitled, however, must be disclosed in time to permit the party to make beneficial use thereofof it.
(2) Motion to Terminate or Limit Examination. At any time during the taking of a deposition, on motion of a party or of the deponent, and upon a showing that the examination is being conducted in bad faith or in such manner as to unreasonably annoy, embarrass, or oppress the deponent or party, the court in which the action is pending or the circuit court where the deposition is being taken may (1) terminate the deposition, (2) limit the scope and manner of the taking of the deposition, (3) limit the time of the deposition, (4) continue the deposition to a later time, (5) order the deposition to be taken in open court, and, in addition, may (6) impose any sanction authorized by this rule. If the order terminates the deposition, it shall be resumed thereafter only upon the order of the court in which the action is pending. Upon demand of any party or deponent, the taking of the deposition shall be suspended for the time necessary to make a motion for an order.
(m)In Camera and Ex Parte Proceedings. On request of any person, the court ■may-permit-any--showing-of cause for denial *674 or regulation of disclosures,-or-any portion of such-showing-to-be-made
(1) Any person may move for an order denying or regulating disclosure of sensitive matters. The court may consider the matters contained in the motion in camera.
(2) Upon request, the court shall allow the defendant to make an ex parte showing of good cause for taking the deposition of a Category B witness.
(3) A record shall be made of such-proceedings authorized under this subdivision. If the court enters an order granting the in camera inspection or ex parte showing, the entire record of the showingproceeding shall be sealed and preserved m-the-records-of-the court,-toand be made available to the appellate court in the event of an appeal.
(n)Sanctions.
(1) If, at any time during the course of the proceedings, it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule or with an order issued pursuant to an applicable discovery rule, the court may order the party to comply with the discovery or inspection of materials not previously disclosed or produced, grant a continuance, grant a mistrial, prohibit the party from calling a witness not disclosed or introducing in evidence the material not disclosed, or enter such other order as it deems just under the circumstances.
(2) Willful violation by counsel or a party not represented by counsel of an applicable discovery rule, or an order issued pursuant thereto, shall subject counsel or the unrepresented party to appropriate sanctions by the court. The sanctions may include, but are not limited to, contempt proceedings against the attorney or unrepresented party, as well as the assessment of costs incurred by the opposing party, when appropriate.
(3) Every request for discovery or response or objection, including a notice of deposition made by a party represented by an attorney, shall be signed by at least 1 attorney of record in the attorney’s individual name, whose address shall be stated. A party who is not represented by an attorney shall sign the request, response, or objection and list his or her address. The signature of the attorney or party constitutes a certification that the signer has read the request, response, or objection and that to the best of the signer’s knowledge, information, or belief formed after a reasonable inquiry it is:
(A) consistent with these rules and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law;
(B) not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; and
(C) not unreasonable or unduly burdensome or expensive, given the needs of the case and the importance of the issues at stake in the litigation.
If a request, response, or objection is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the party making the request, response, or objection, and a party shall not be obligated to take any action with respect to it until it is signed.
If a certification is made in violation of this rule, the court, on motion or on its own initiative, shall impose on the person who made the certification, the firm or agency with which the person is affiliated, the party on whose behalf the request, response, or objection is made; or any or all of the above an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney’s fee.
(o) Costs of Indigents. After a defendant is adjudged insolvent, the reasonable costs incurred in the operation of these rules shall be taxed as costs against the county.
(p) Pretrial Conference.
(1) The trial court may hold 1 or more pretrial conferences, with trial counsel present, to consider such matters as will promote a fair and expeditious trial. The aeeasedde-fendant shall be present unless the accused defendant waives this in writing. *675 (2) The court may set, and upon the request of any party shall set, a discovery schedule, including a discovery cut-off date, at the pretrial conference.
(3) In capital cases, if the prosecutor intends to seek the death penalty, the court shall order the disclosure of aggravating and mitigating circumstances to be relied upon in good faith at trial.
Committee Notes
1968 Adoption.
(a)(1) This is substantially the same as section 925.05, Florida Statutes.
(a)(2) This is new and allows a defendant rights which he did not have, but must be considered in light of subdivision (c).
(a)(3) This is a slight enlargement upon the present practice; however, from a practical standpoint, it is not an enlargement, but merely a codification of section 925.05, Florida Statutes, with respect to the defendant’s testimony before a grand jury.
(b) This is a restatement of section 925.04, Florida Statutes, except for the change of the word “may” to “shall.”
(c) This is new and affords discovery to the state within the trial judge’s discretion by allowing the trial judge to make discovery under (a)(2) and (b) conditioned upon the defendant giving the state some information if the defendant has it. This affords the state some area of discovery which it did not previously have with respect to (b). A question was raised concerning the effect of (a)(2) on FBI reports and other reports which are submitted to a prosecutor as “confidential” but it was agreed that the interests of justice would be better served by allowing this rule and that, after the appropriate governmental authorities are made aware of the fact that their reports may be subject to compulsory disclosure, no harm to the state will be done.
(d) and (e) This gives the defendant optional procedures, (d) is simply a codification of section 906.29, Florida Statutes, except for the addition of “addresses.” The defendant is allowed this procedure in any event, (e) affords the defendant the additional practice of obtaining all of the state’s witnesses, as distinguished from, merely those on whose evidence the information, or indictment, is based, but only if the defendant is willing to give the state a list of all defense witnesses, which must be done to take advantage of this rule. The confidential informant who is to be used as a witness must be disclosed; but it was expressly viewed that this should not otherwise overrule present case law on the subject of disclosure of confidential informants, either where disclosure is required or not required.
(f) This is new and is a compromise between the philosophy that the defendant should be allowed unlimited discovery depositions and the philosophy that the defendant should not be allowed any discovery depositions at all. The purpose of the rule is to afford the defendant relief from situations when witnesses refuse to “cooperate” by making pretrial disclosures to the defense. It was determined to be necessary that the written signed statement be a criterion because this is the only way witnesses can be impeached by prior contradictory statements. The word “cooperate” was intentionally left in the rule, although the word is a loose one, so that it can be given a liberal interpretation, i.e., a witness may claim to be available and yet never actually submit to an interview. Some express the view that the defendant is not being afforded adequate protection because the cooperating witness will not have been under oath, but the subcommittee felt that the only alternative would be to make unlimited discovery depositions available to the defendant which was a view not approved by a majority of the subcommittee. Each minority is expressed by the following alternative proposals:
Alternative Proposal (1): When a person is charged with an offense, at any time after the filing of the indictment, information, or affidavit upon which the defendant is to be tried, such person may take the deposition of any person by deposition upon oral examination for the purpose of discovery. The attendances of witnesses may be compelled by the use of subpoenas as provided by law. The deposition of a person confined in prison may be taken only by leave of court on such terms as the court prescribes. The scope of *676 examination and the manner and method of taking such deposition shall be as provided in the Florida Rules of Civil Procedure and the deposition may be used for the purpose of contradicting or impeaching the testimony of a deponent as a witness.
Alternative Proposal (2): If a defendant signs and files a written waiver of his or her privilege against self-incrimination and submits to interrogation under oath by the prosecuting attorney, then the defendant shall be entitled to compulsory process for any or all witnesses to enable the defendant to interrogate them under oath, before trial, for discovery purposes.
A view was expressed that some limitation should be placed on the state’s rights under sections 27.04 and 32.20, Florida Statutes, which allow the prosecutor to take all depositions unilaterally at any time. It was agreed by all members of the subcommittee that this right should not be curtailed until some specific time after the filing of an indictment, information, or affidavit, because circumstances sometimes require the filing of the charge and a studied marshalling of evidence thereafter. Criticism of the present practice lies in the fact that any time up to and during the course of the trial the prosecutor can subpoena any person to the privacy of the prosecutor’s office without notice to the defense and there take a statement of such person under oath. The subcommittee was divided, however, on the method of altering this situation and the end result was that this subcommittee itself should not undertake to change the existing practice, but should make the Supreme Court aware of this apparent imbalance.
(g) This is new and is required in order to make effective the preceding rules.
(h) This is new and, although it encompasses relief for both the state and the defense, its primary purpose is to afford relief in situations when witnesses may be intimidated and a prosecuting attorney’s heavy docket might not allow compliance with discovery within the time limitations set forth in the rules. The words, “sufficient showing” were intentionally included in order to permit the trial judge to have discretion in granting the protective relief. It would be impossible to specify all possible grounds which can be the basis of a protective order. This verbiage also permits a possible abuse by a prosecution-minded trial judge, but the subcommittee felt that the appellate court would remedy any such abuse in the course of making appellate decisions.
(i) This is new and, although it will entail additional expense to counties, it was determined that it was necessary in order to comply with the recent trend of federal decisions which hold that due process is violated when a person who has the money with which to resist criminal prosecution gains an advantage over the person who is not so endowed. Actually, there is serious doubt that the intent of this subdivision can be accomplished by a rule of procedure; a statute is needed. It is recognized that such a statute may be unpopular with the legislature and not enacted. But, if this subdivision has not given effect there is a likelihood that a constitutional infirmity (equal protection of the law) will be found and either the entire rule with all subdivisions will be held void or confusion in application will result.
(j) This provision is necessary since the prosecutor is required to assume many responsibilities under the various subdivisions under the rule. There are no prosecuting attorneys, either elected or regularly assigned, in justice of the peace courts. County judge’s courts, as distinguished from county courts, do not have elected prosecutors. Prosecuting attorneys in such courts are employed by county commissions and may be handicapped in meeting the requirements of the rule due to the irregularity and uncertainty of such employment. This subdivision is inserted as a method of achieving as much uniformity as possible in all of the courts of Florida having jurisdictions to try criminal cases.
1972 Amendment. The committee studied the ABA Standards for Criminal Justice relating to discovery and procedure before trial. Some of the standards are incorporated in the committee’s proposal, others are not. Generally, the standards are divided into 5 parts:
*677 Part I deals with policy and philosophy and, while the committee approves the substance of Part I, it was determined that specific rules setting out this policy and philosophy should not be proposed.
Part II provides for automatic disclosures (avoiding judicial labor) by the prosecutor to the defense of almost everything within the prosecutor’s knowledge, except for work product and the identity of confidential informants. The committee adopted much of Part II, but felt that the disclosure should not be automatic in every case; the disclosure should be made only after request or demand and within certain time limitations. The ABA Standards do not recommend reciprocity of discovery, but the committee deemed that a large degree of reciprocity is in order and made appropriate recommendations.
Part III of the ABA Standards recommends some disclosure by the defense (not reciprocal) to which the state was not previously entitled. The committee adopted Part III and enlarged upon it.
Part IV of the Standards sets forth methods of regulation of discovery by the court. Under the Standards the discovery mentioned in Parts II and III would have been automatic and without the necessity of court orders or court intervention. Part III provides for procedures of protection of the parties and was generally incorporated in the recommendations of the committee.
Part V of the ABA Standards deals with omnibus hearings and pretrial conferences. The committee rejected part of the Standards dealing with omnibus hearings because it felt that it was superfluous under Florida procedure. The Florida committee determined that a trial court may, at its discretion, schedule a hearing for the purposes enumerated in the ABA Omnibus Hearing and that a rule authorizing it is not necessary. Some of the provisions of the ABA Omnibus Hearing were rejected by the Florida committee, i.e., stipulations as to issues, waivers by defendant, etc. A modified form of pretrial conference was provided in the proposals by the Florida committee.
(a)(1)(i) Same as ABA Standard 2.1(a)(i) and substance of Standard 2.1(e). Formerly Florida Rule of Criminal Procedure 3.220(e) authorized exchange of witness lists. When considered with proposal 3.220(a)(3), it is seen that the proposal represents no significant change.
(ii) This rule is a modification of Standard 2.1(a)(ii) and is new in Florida, although some such statements might have been discoverable under rule 3.220(f). Definition of “statement” is derived from 18 U.S.C. § 3500.
Requiring law enforcement officers to include irrelevant or sensitive material in their disclosures to the defense would not serve justice. Many investigations overlap and information developed as a byproduct of one investigation may form the basis and starting point for a new and entirely separate one. Also, the disclosure of any information obtained from computerized records of the Florida Crime Information Center and the National Crime Information Center should be subject to the regulations prescribing the confidentiality of such information so as to safeguard the right of the innocent to privacy.
(iii) Same as Standard 2.1(a)(ii) relating to statements of accused; words “known to the prosecutor, together with the name and address of each witness to the statement” added and is new in Florida.
(iv) From Standard 2.1(a)(ii). New in Florida.
(v) From Standard 2.1(a)(iii) except for addition of words, “that have been recorded” which were inserted to avoid any inference that the proposed rule makes recording of grand jury testimony mandatory. This discovery was formerly available under rule 3.220(a)(3).
(vi) From Standard 2.1(a)(v). Words, “books, papers, documents, photographs” were condensed to “papers or objects” without intending to change their meaning. This was previously available under rule 3.220(b).
(vii) From Standard 2.1(b)(i) except word “confidential” was added to clarify meaning. This is new in this form.
*678 (viii) From Standard 2.1(b)(iii) and is new in Florida in this form. Previously this was disclosed upon motion and order.
(ix) From Standard 2.3(a), but also requiring production of “documents relating thereto” such as search warrants and affidavits. Previously this was disclosed upon motion and order.
(x) From Standard 2.1(a)(iv). Previously available under rule 3.220(a)(2). Defendant must reciprocate under proposed rule 3.220(b)(4).
(xi) Same committee note as (b) under this subdivision.
(2) From Standard 2.1(c) except omission of words “or would tend to reduce his punishment therefor” which should be included in sentencing.
(3) Based upon Standard 2.2(a) and (b) except Standards required prosecutor to furnish voluntarily and without demand while this proposal requires defendant to make demand and permits prosecutor 15 days in which to respond.
(4) From Standards 2.5(b) and 4.4. Substance of this proposal previously available under rule 3.220(h).
(5) From Standard 2.5. New in Florida.
(b)(1) From Standard 3.1(a). New in Florida.
(2) From Standard 3.1(b). New in Florida.
(3) Standards did not recommend that defendant furnish prosecution with reciprocal witness list; however, formerly, rule 3.220(e) did make such provision. The committee recommended continuation of reciprocity.
(4) Standards did not recommend reciprocity of discovery. Previously, Florida rules required some reciprocity. The committee recommended continuation of former reciprocity and addition of exchanging witness’ statement other than defendants’.
(c) From Standard 2.6. New in Florida, but generally recognized in decisions.
(d) Not recommended by Standards. Previously permitted under rule 3.220(f) except for change limiting the place of taking the deposition and eliminating requirement that witness refuse to give voluntary signed statement.
(e) From Standard 4.1. New in Florida.
(f) Same as rule 3.220(g).
(g) From Standard 4.4 and rule 3.220(h).
(h) From Standard 4.4 and rule 3.220(h).
(i) From Standard 4.6. Not previously covered by rule in Florida, but permitted by decisions.
(j)(1) From Standard 4.7(a). New in Florida except court discretion permitted by rule 3.220(g).
(2) From Standard 4.7(b). New in Florida.
(k) Same as prior rule.
(l) Modified Standard 5.4. New in Florida.
1977 Amendment. The proposed change only removes the comma which currently appears after (a)(1).
1980 Amendment. The intent of the rule change is to guarantee that the accused will receive those portions of police reports or report summaries which contain any written, recorded, or oral statements made by the accused.
1986 Amendment. The showing of good cause under (d)(2) of this rule may be presented ex parte or in camera to the court.
1989 Amendment. 3.220(a). The purpose of this change is to ensure reciprocity of discovery. Under the previous rule, the defendant could tailor discovery, demanding only certain items of discovery with no requirement to reciprocate items other than those demanded. A defendant could avoid reciprocal discovery by taking depositions, thereby learning of witnesses through the deposition process, and then deposing those witnesses without filing a demand for discovery. With this change, once a defendant opts to use any discovery device, the defendant is required to produce all items designated under the discovery rule, whether or not the defendant has specifically requested production of those items.
*679 Former subdivision (e) is relettered (b). Under (b)(1) the prosecutor’s obligation to furnish a witness list is conditioned upon the defendant filing a “Notice of Discovery.”
Former subdivision (a)(1)(i) is renumbered (b)(1)(i) and, as amended, limits the ability of the defense to take depositions of those persons designated by the prosecutor as witnesses who should not be deposed because of their tangential relationship to the case. This does not preclude the defense attorney or a defense investigator from interviewing any witness, including a police witness, about the witness’s knowledge of the case.
This change is intended to meet a primary complaint of law enforcement agencies that depositions are frequently taken of persons who have no knowledge of the events leading to the charge, but whose names are disclosed on the witness list. Examples of these persons are transport officers, evidence technicians, etc.
In order to permit the defense to evaluate the potential testimony of those individuals designated by the prosecutor, their testimony must be fully set forth in some document, generally a police report.
(a)(1)(ii) is renumbered (b)(1)(ii). This subdivision is amended to require full production of all police incident and investigative reports, of any kind, that are discoverable, provided there is no independent reason for restricting their disclosure. The term “statement” is intended to include summaries of statements of witnesses made by investigating officers as well as statements adopted by the witnesses themselves.
The protection against disclosure of sensitive information, or information that otherwise should not be disclosed, formerly set forth in (a)(1)(i), is retained, but transferred to subdivision (b)(1)(xii).
The prohibition sanction is not eliminated, but is transferred to subdivision (b)(1)(xiii). “Shall” has been changed to “may” in order to reflect the procedure for imposition of sanctions specified in Richardson v. State, 246 So.2d 771 (Fla.1971).
The last phrase of renumbered subdivision (b)(2) is added to emphasize that constitutionally required Brady material must be produced regardless of the defendant’s election to participate in the discovery process.
Former subdivision (b) is relettered (c).
Former subdivisions (b)(3) and (4) are now included in new subdivision (d). An introductory phrase has been added to subdivision (d). Subdivision (d) reflects the change in nomenclature from a “Demand for Discovery” to the filing of a “Notice of Discovery.”
As used in subdivision (d), the word “defendant” is intended to refer to the party rather than to the person. Any obligations incurred by the “defendant” are incurred by the defendant’s attorney if the defendant is represented by counsel and by the defendant personally if-the defendant is not represented.
The right of the defendant to be present and to examine witnesses, set forth in renumbered subdivision (d)(1), refers to the right of the defense, as party to the action. The term refers to the attorney for the defendant if the defendant is represented by counsel. The right of the defendant to be physically present at the deposition is controlled by new subdivision (h)(6).
Renumbered subdivision (d)(2), as amended, reflects the new notice of discovery procedure. If the defendant elects to participate in discovery, the defendant is obligated to furnish full reciprocal disclosure.
Subdivision (e) was previously numbered (a)(4). This subdivision has been modified to permit the remedy to be sought by either prosecution or defense.
Subdivision (f) was previously numbered (a)(5) and has been modified to permit the prosecutor, as well as the defense attorney, to seek additional discovery.
Former subdivision (c) is relettered (g).
Former subdivision (d) is relettered (h). Renumbered subdivision (h)(1) has been amended to reflect the restrictions on deposing a witness designated by the prosecution under (b)(1)(i) (designation of a witness performing ministerial duties only or one who will not be called at trial).
*680 (h)(1)(i) is added to provide that a deposition of a witness designated by the prosecutor under (b)(1)(i) may be taken only upon good cause shown by the defendant to the court.
(h)(1)(ii) is added to provide that abuses by attorneys of the provisions of (b)(1)(i) are subject to stringent sanctions.
New subdivision (h)(1)(iii) abolishes depositions in misdemeanor cases except when good cause is shown.
A portion of former subdivision (d)(1) is renumbered (h)(3). This subdivision now permits the administrative judge or chief judge, in addition to the trial judge, to designate the place for taking the deposition.
New subdivision (h)(4) recognizes that children and some adults are especially vulnerable to intimidation tactics. Although it has been shown that such tactics are infrequent, they should not be tolerated because of the traumatic effect on the witness. The videotaping of the deposition will enable the trial judge to control such tactics. Provision is also made to protect witnesses of fragile emotional strength because of their vulnerability to intimidation tactics.
New subdivision (h)(5) emphasizes the necessity for the establishment, in each jurisdiction, of an effective witness coordinating office. The Florida Legislature has authorized the establishment of such office through section 43.35, Florida Statutes. This subdivision is intended to make depositions of witnesses and law enforcement officers as convenient as possible for the witnesses and with minimal disruption of law enforcement officers’ official duties.
New subdivision (h)(6) recognizes that one of the most frequent complaints from child protection workers and from rape victim counselors is that the presence of the defendant intimidates the witnesses. The trauma to the victim surpasses the benefit to the defense of having the defendant present at the deposition. Since there is no right, other than that given by the rules of procedure, for a defendant to attend a deposition, the Florida Supreme Court Commission on Criminal Discovery believes that no such right should exist in those eases. The “defense,” of course, as a party to the action, has a right to be present through counsel at the deposition. In this subdivision, the word “defendant” is meant to refer to the person of the defendant, not to the defense as a party. See comments to rules 3.220(d) and 3.220(d)(1).
Although defendants have no right to be present at depositions and generally there is no legitimate reason for their presence, their presence is appropriate in certain cases. An example is a complex white collar fraud prosecution in which the defendant must explain the meaning of technical documents or terms. Cases requiring the defendant’s presence are the exception rather than the rule. Accordingly, (h)(6)(i)-(ii) preclude the presence of defendants at depositions unless agreed to by the parties or ordered by the court. These subdivisions set forth factors that a court should take into account in considering motions to allow a defendant’s presence.
New subdivision (h)(7) permits the defense to obtain needed factual information from law enforcement officers by informal telephone deposition. Recognizing that the formal deposition of a law enforcement officer is often unnecessary, this procedure will permit such discovery at a significant reduction of costs.
Former subdivisions (e), (f), and (g) are relettered (i), (j), and (k), respectively.
Former subdivision (h) is relettered (Z) and is modified to emphasize the use of protective orders to protect witnesses from harassment or intimidation and to provide for limiting the scope of the deposition as to certain matters.
Former subdivision (i) is relettered (m).
Former subdivision (j) is relettered (n).
Renumbered (n)(2) is amended to provide that sanctions are mandatory if the court finds willful abuse of discovery. Although the amount of sanction is discretionary, some sanction must be imposed.
(n)(3) is new and tracks the certification provisions of federal procedure. The very fact of signing such a certification will make counsel cognizant of the effect of that action.
Subdivision (k) is relettered (o).
*681 Subdivision (l) is relettered (p).
1992 Amendment. The proposed amendments change the references to “indictment or information” in subdivisions (b)(1), (b)(2), (c)(1), and (h)(1) to “charging document.” This amendment is proposed in conjunction with amendments to rule 3.125 to provide that all individuals charged with a criminal violation would be entitled to the same discovery regardless of the nature of the charging document (i.e., indictment, information, or notice to appear).
1996 Amendment. This is a substantial rewording of the rule as it pertains to depositions and pretrial case management. The amendment was in response to allegations of discovery abuse and a call for a more cost conscious approach to discovery by the Florida Supreme Court. In felony cases, the rule requires prosecutors to list witnesses in categories A, B, and C. Category A witnesses are subject to deposition as under the former rule. Category B witnesses are subject to deposition only upon leave of court. Category B witnesses include, but are not limited to, witnesses whose only connection to the case is the fact that they are the owners of property; transporting officers; booking officers; records and evidence custodians; and experts who have filed a report and curriculum vitae and who will not offer opinions subject to the Frye test. Category C witnesses may not be deposed. The trial courts are given more responsibility to regulate discovery by pretrial conference and by determining which category B witnesses should be deposed in a given case.
The rule was not amended for the purpose of prohibiting discovery. Instead, the rule recognizes that many circuits now have “early resolution” or “rocket dockets” in which “open file discovery” is used to resolve a substantial percentage of cases at or before arraignment. The committee encourages that procedure. If a case cannot be resolved early, the committee believes that resolution of typical cases will occur after the depositions of the most essential witnesses (category A) are taken. Cases which do not resolve after the depositions of category A, may resolve if one or more category B witnesses are deposed. If the case is still unresolved, it is probably going to be a case that needs to be tried. In that event, judges may determine which additional depositions, if any, are necessary for pretrial preparation. A method for making that determination is provided in the rule.
Additionally, trial judges may regulate the taking of depositions in a number of ways to both facilitate resolution of a case and protect a witness from unnecessary inconvenience or harassment. There is a provision for setting a discovery schedule, including a discovery cut-off date as is common in civil practice. Also, a specific method is provided for application for protective orders.
One feature of the new rule relates to the deposition of law enforcement officers. Subpoenas are no longer required.
The rule has standardized the time for serving papers relating to discovery at fifteen days.
Discovery in misdemeanor cases has not been changed.
(b)(1)(A)(i) An investigating officer is an officer who has directed the collection of evidence, interviewed material witnesses, or who was assigned as the case investigator.
(h)(1) The prosecutor and defense counsel are encouraged to be present for the depositions of essential witnesses, and judges are encouraged to provide calendar time for the taking of depositions so that counsel for all parties can attend. This will 1) diminish the potential for the abuse of witnesses, 2) place the parties in a position to timely and effectively avail themselves of the remedies and sanctions established in this rule, 3) promote an expeditious and timely resolution of the cause, and 4) diminish the need to order transcripts of the deposition, thereby reducing costs.
Court Commentary
1996 Amendment. The designation of a witness who will present similar fact evidence will be dependent upon the witness's relationship to the similar crime, wrong, or act about which testimony will be given rather than the witness’s relationship to the crime with which the defendant is currently charged.
*682 RULE 8.060. DISCOVERY
(a)Notice of Discovery.
(1) ifAfter the filing of the petition, a child may elects to utilize the discovery process provided by these rules, including the taking of discovery depositions, the child shall ffleby filing with the court and serveing upon the prosecuting attorney-notice of the child’s intent-to participate-in discoverypetitioner a “notice of discovery’ which, — Such -notice of discovery” shall bind both the petitioner and the child to all discovery procedures contained in these rules. The-child may take discovery depositions upon the filing-of such ■notice,.The chilefe-participatingParticipation by a child in the discovery process, including the child’s-taking of tfaeany deposition of-any personby a child, shall be an election to participate in discovery. If any child knowingly or purposely shares in discovery obtained by a codefendant, the child shall be deemed to have elected to participate in discovery.
(2) After the filing of ^petition alleging a child to be delinquent, wWithin 5 days of service of the child’s notice of election to participate in discovery, the petitioner shall serve a written discovery exhibit which shall disclose to the child or the child’s counsel and permit the child or the child’s counsel to inspecting, copying, testing, and photographing-of the following information and material within the petitioner’s possession or control:
(A)A list of tThe names and addresses of all persons known to the petitioner to have information which may be relevant to the allegations,»» to any defense with respect thereto, or to any similar fact evidence to be presented at trial under section 90.404(2), Florida Statutes. The names and addresses of persons listed shall be clearly designated in the following categories:
(i)Category A. These witnesses shall include
(a) eyewitnesses;
(b) alibi witnesses and rebuttal to alibi witnesses;
(c) witnesses who were present when a recorded or unrecorded statement was taken from or made by the child or codefendant, which shall be separately identified within this category;
(d) investigating officers;
(e) witnesses known by the petitioner to have any material information that tends to negate the guilt of the child as to the petition’s allegations;
(f) child hearsay witnesses; and
(g) expert witnesses who have not provided a written report and a curriculum vitae or who are going to testify to test results or give opinions that will have to meet the test set forth in Frye v. United States, 293 F. 1013 (D.C.Cir.1923).
(ii) Category B. All witnesses not listed in either Category A or Category C.
(iii) Category C. All witnesses who performed only ministerial functions or whom the petitioner does not intend to call at the hearing and whose involvement with and knowledge of the case is fully set out in a police report or other statement furnished to the defense.
(B) The statement of any person whose name is furnished in compliance with the preceding paragraph. The term “statement” as used herein means a written statement made by said person and signed or otherwise adopted by him or her and also includes any statement of any kind or manner made by such person and written or recorded or summarized in any writing or recording. The term “statement” is specifically intended to include all police and investigative reports of any kind prepared for or in connection with the case, but shall not include the notes from which such reports are compiled.
(C) Any written or recorded statements and the substance of any oral statements made by the child and known to the petitioner, jndudmg_a_copy_of_an¿_jtatements_con:; tained in police reports or summaries, together with the name and address of each witness to the statements.
(D) Any written or recorded statements, and the substance of any oral statements, made by a eodefendant if the hearing is to be a joint one.
*683 (E) Those portions of recorded grand jury minutes that contain testimony of the child.
(F) Any tangible papers or objects which were obtained from or belonged to the child.
(G) Whether the petitioner has any material or information which has been provided by a confidential informant.
(H) Whether there has been any electronic surveillance, including wiretapping, of the premises of the child, or of conversations to which the child was a party, and any documents relating thereto.
(I) Whether there has been any search or seizure and any document relating thereto.
(J) Reports or statements of experts made in connection with the particular case, including results of physical or mental examinations and of scientific tests, experiments, or comparisons.
(K) Any tangible papers or objects which the petitioner intends to use in the hearing and which were not obtained from or belonged to the child.
(3) As soon as practicable after the filing of the petition, the petitioner shall disclose to the child any material information within the state’s possession or control which tends to negate the guilt of the child as to the petition’s allegations.
(4) The petitioner shall perform the foregoing obligations in any manner mutually agreeable to the petitioner and the child or as ordered by the court.
(5) Upon a showing of materiality to the preparation of the defense, the court may require such other discovery to the child as justice may require.
(b) Required Disclosure to Petitioner.
(1) If a child elects to participate in discovery, within 5 days after receipt by the child of the discovery exhibit furnished by the petitioner under this rule, the following disclosures shall be made:
(4A) Within-5 days — after—receipt by the child — of' the list of names and addresses furnished by-the petitioner- pursuant to this rule tThe child shall furnish to the petitioner a written list of all persons whom the child expects to call as witnesses at the hearing. When the petitioner subpoenas a witness whose name has been furnished by the child, except for hearing subpoenas, reasonable notice shall be given to the child as to the time and piaeelocation of examination pursuant to the subpoena. At such examination, the child through counsel shall have the right to be present and to examine the witness. The physical presence of the child shall be governed by rule 8.060(d)(6).
(2B) If-the child elects - to — participate in discovery, -tThe child shall serve a written discovery exhibit which shall disclose to the petitioner and permit the petitioner to inspecting, copying, testing, and photographing of the following information and material which is in the child’s possession or control:
(Ai) The statement of any person whom the child expects to call as a trial witness other than that of the child.
(Bii) Reports or statements of experts made in connection with the particular case, including results of physical or mental examinations and of scientific tests, experiments, or comparisons.
(Cii) Any tangible papers or objects which the child intends to use in the hearing.
(2) The child shall-make the foregoing disclosure -within 5 days after-receipt- of the corresponding disclosure from-the prosecutor.- Defense counsel shall perform the foregoing obligations in any manner mutually agreeable to him or-her the child and the prosecutorpetitioner or as ordered by the court.
(3) The filing of a motion for protective order by the petitioner will automatically stay the times provided for in this subdivision-(b). If a protective order is granted, the child may, within 2 days thereafter, or at any time before the petitioner furnishes the information or material which is the subject of the motion for protective order, withdraw the demand and not be required to furnish reciprocal discovery.
(c) Limitations on Disclosure.
(1) Upon application, the court may deny or partially restrict disclosure authorized by this rule if it finds there is a substantial risk *684 to any person of physical harm, intimidation, bribery, economic reprisals, or unnecessary annoyance or embarrassment resulting from such disclosure, which outweighs any usefulness of the disclosure to the party requesting it.
(2) The following matters shall not be subject to disclosure:
(A) Disclosure shall not be required of legal research or of records, correspondence, or memoranda, to the extent that they contain the opinion, theories, or conclusions of the prosecuting or defense attorney or members of their legal staff.
(B) Disclosure of a confidential informant shall not be required unless the confidential informant is to be produced at a hearing or a failure to disclose the informant’s identity will infringe upon the constitutional rights of the child.
(d) Depositions.
(1) Time and PlaceLocation.
(A) At any time after the filing of the petition alleging a child to be delinquent, the elaMany party may take the deposition upon oral examination of any person who ■ may have — information relevant to the offense chargedauthorized by this rule.
(B) The deposition shall be taken in a building where the adjudicatory hearing may be held, in-such other place aslocation agreed upon by the parties, or where the trial court such location as the trial judge, administrative judge, or chief judge may designate by special or general order. A witness who is a resident of the state may be required to attend an examination deposition only in the county where he or shethe witness resides, is regularly employed, or regularly transacts business in person.
(2) Procedure.
(A) The party taking the deposition shall give reasonable written notice to each other party and shall make a good faith effort to coordinate the date, time, and location of the deposition to accommodate the schedules of other parties and the witness to be deposed. The notice shall state the time and plaee-the location of the deposition and the name of each person to be examined, and include a certificate of counsel that a good faith effort was made to coordinate the deposition schedule.
(B) Upon application, the court or itsthe clerk of the court shall issue subpoenas for the persons whose depositions are to be tak-¡ en.
(C) After notice to the parties the court, for good cause shown, may change the time or plaeelocation of talangthe deposition.
(D) In any case, no person shall be deposed more than once except by consent of the parties or by order of the court issued on good cause shown.
(E) Except as otherwise provided by this rule, the procedure for taking the deposition, including the scope of the examination, objections, and the issuance, execution, and return of service, shall be the same as that provided by the Florida Rules of Civil Procedure.
(F) The child, without leave of court, may take the deposition of any witness listed by the petitioner as a Category A witness or listed by a codefendant as a witness to be called at a joint hearing. After receipt by the child of the discovery exhibit, the child, without leave of court, may take the deposition of any unlisted witness who may have information relevant to the petition’s allegations. The petitioner, without leave of court, may take the deposition of any witness listed by the child to be called at a hearing.
(G) No party may take the deposition of a witness listed by the petitioner as a Category B witness except upon leave of court with good cause shown. In determining whether to allow a deposition, the court should consider the consequences to the child, the complexities of the issues involved, the complexity of the testimony of the witness (e.g., experts), and the other opportunities available to the child to discover the information sought by deposition.
(H) A witness listed by the petitioner as a Category C witness shall not be subject to deposition unless the court determines that the witness should be listed in another category.
*685 (I) No deposition shall be taken in a case in which a petition has been filed alleging that the child committed only a misdemeanor or a criminal traffic offense when all other discovery provided by this rule has been complied with unless good cause can be shown to the trial court. In determining whether to allow a deposition, the court should consider the consequences to the child, the complexity of the issues involved, the complexity of the witness's testimony (e.g., experts), and the other opportunities available to the child to discover the information sought by deposition. However, this prohibition against the taking of depositions shall not be applicable if following the furnishing of discovery by the child the petitioner then takes the statement of a listed defense witness pursuant to section 27.04, Florida Statutes.
(3) Use of Deposition. Any deposition taken pursuant heretoto this rule may be used at any hearing covered by these rules by any party for the purpose of impeaching the testimony of the deponent as a witness.
(4) Introduction of Part of Deposition. If only part of a deposition is offered in evidence by a party, an adverse party may require the introduction of any other part that in fairness ought to be considered with the part introduced, and any party may introduce any other parts.
(5) Sanctions. A personwitness who refuses to obey a duly served subpoena served upon him-or her for the taking of a deposition may be adjudged in contempt of the court from which the subpoena issued.
(6) Physical Presence of Child. The child shall not be physically present at a deposition except upon stipulation of the parties or upon-court order for good cause- show-nas provided by this rule.
(A)-The chddcourt may move for an order permittingorder the physical presence of the child upon a showing of good cause. In ruling om-such a- motion, the court may consider
(A) the need for the physical presence of the child to obtain effective discovery*;
(B) the intimidating effect of the child’s presence on the witness, if any*; and
(C) any cost or inconvenience related to the child’s presence which may result»; and
(BD) In considering the chlhfe motion -to be-physically present at a discovery deposi-tionj-the court may- consider-any alternative electronic or audio-visual means available to protect the child’s ability to participate in discovery without the child’s physical presence.
(7) Statements of Law Enforcement Officers. Upon stipulation of the parties and the consent of the witness, the statement of a law enforcement officer may be taken by telephone in lieu of deposition of the officer. In such case, the officer need not be under oath. The statement, however, shall be recorded and may be used for impeachment at trial as a prior inconsistent statement pursuant to the Florida Evidence Code.
(8) Depositions of Law Enforcement Officers. Subject to the general provisions of this rule, law enforcement officers shall appear for deposition, without subpoena, upon written notice of taking deposition delivered at the address designated by the law enforcement agency or department or, if no address has been designated, to the address of the law enforcement agency or department, 5 days prior to the date of the deposition. Law enforcement officers who fail to appear for deposition after being served notice are subject to contempt proceedings.
(89) Videotaped Depositions. Depositions of children under the age of 16 shall be videotaped upon demand of any party unless otherwise ordered by the court. The court may order videotaping of a deposition or taking of a deposition of a witness with frag-üe emotional strength to be in the presence of the trial judge or a special master.
(e) Perpetuating Testimony.
(1) After the filing of the petition and upon reasonable notice, any party may apply for an order to perpetuate testimony of a witness. The application shall be verified or supported by the affidavits of credible persons, and shall state that the prospective witness resides beyond the territorial jurisdiction of the court or may be unable to *686 attend or be prevented from attending the subsequent court proceedings, or that grounds exist to believe that the witness will absent himself or herself from the jurisdiction of the court, that the testimony is material, and that it is necessary to take the deposition to prevent a failure of justice.
(2) If the application is well founded and timely made, the court shall order a commission to be issued to take the deposition of the witness to be used in subsequent court proceedings and that any designated books, papers, documents, or tangible objects, not privileged, be produced at the same time and place. The commission may be issued to any official court reporter, whether the witness be within or without the state, transcribed by the reporter, and filed in the court. The commission shall state the time and place of the deposition and be served on all parties.
(3) No deposition shall be used or read in evidence when the attendance of the witness can be procured. If it shall appear to the court that any person whose deposition has been taken has absented himself or herself by procurement, inducements, or threats by or on behalf of any party, the deposition shall not be read in evidence on behalf of that party.
(f)Nontestimonial Discovery. After the filing of the petition, upon application, and subject to constitutional limitations, the court may with directions as to time, place, and method, and upon conditions which are just, require:
(1) the child in all proceedings to:
(A) appear in a lineup;
(B) speak for identification by a witness to an offense;
(C) be fingerprinted;
(D) pose for photographs not involving reenactment of a scene;
(E) try on articles of clothing;
(F) permit the taking of specimens of material under the fingernails;
(G) permit the taking of samples of blood, hair, and other materials of the body which involve no unreasonable intrusion thereof;
(H) provide specimens of handwriting; or
(I) submit to a reasonable physical or medical inspection of his or her body; and
(2) such other discovery as justice may require upon a showing that such would be relevant or material.
(g) Court May Alter Times. The court may alter the times for compliance with any discovery under these rules on good cause shown.
(h) Supplemental Discovery. If, subsequent to compliance with these rules, a party discovers additional witnesses, evidence, or material which the party would have been under a duty to disclose or produce at the time of such previous compliance, the party shall promptly disclose or produce such witnesses, evidence, or material in the same manner as required under these rules for initial discovery.
(i) Investigations Not to be Impeded. Except as otherwise provided for matters not subject to disclosure or restricted by protective orders, neither the counsel for the parties nor other prosecution or defense personnel shall advise persons having relevant material or information, except for the aea-sedehild, to refrain from discussing the case with opposing counsel or showing opposing counsel any relevant material, nor shall they otherwise impede opposing counsel’s investigation of the case.
(j) Protective Orders. Upon a showing of good cause, the court shall at any time order that specified disclosures be restricted, erde-ferred.or exempted from discovery, that certain matters are not to be inquired into or that the scope of the deposition be limited to certain matters, that a deposition be sealed and after being sealed be opened only by order of the court, or make such other order as is appropriate to protect a witness from harassment, unnecessary inconvenience, or invasion of privacy, including prohibiting the taking of a deposition. All material and information to which a party is entitled, however, must be disclosed in time to permit such party to make beneficial use of it.
(k) Motion to Terminate or Limit Examination. At any time during the taking of a deposition, on motion of a party or of the *687 deponent, and upon a showing that the examination is being conducted in bad faith or in such manner as to unreasonably annoy, embarrass, or oppress the deponent or party, the court in which the action is pending or the circuit court where the deposition is being taken may (1) terminate the deposition, (2) limit the scope and manner of the taking of the deposition, (3) limit the time of the deposition, (4) continue the deposition to a later time, (5) order the deposition to be taken in open court and, in addition, (6) may impose any sanction authorized by this rule. If the order terminates the deposition, it shall be resumed thereafter only upon the order of the court in which the action is pending. Upon demand of any party or deponent, the taking of the deposition shall be suspended for the time necessary to make a motion for an order.
(kJ) In Cameraand Ex Parte Proceedings. Upon request of-any person, the-court may permit any-showing of cause for-denial or regulation of disclosures, or any portion of it, to be made
(1) Any person may move for an order denying or regulating disclosure of sensitive matters. The court may consider the matters contained in the motion in camera.
(2) Upon request, the court shall allow the child to make an ex parte showing of good cause for taking the deposition of a Category B witness.
(3) A record shall be made of such proceedings authorized under this subdivision. If the court enters an order granting the relief following-a showing in cameraafter an in camera inspection or ex parte showing, the entire record of such showingthe proceeding shall be sealed and preserved in the records of the court, to be made available to the appellate court in the event of an appeal.
(&n) Sanctions.
(1) If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule or with an order issued pursuant to an applicable discovery rule, the court may:
(A) order such party to comply with the discovery or inspection of materials not previously disclosed or produced;
(B) grant a continuance;
(C) grant a mistrial;
(D) prohibit the party from calling a witness not disclosed or introducing in evidence the material not disclosed; or
(E) enter such order as it deems just under the circumstances.
(2) Willful violation by counsel or a party not represented by counsel of an applicable discovery rule or an order issued pursuant thereto may subject counsel or a party not represented by counsel to appropriate sanction by the court. The sanctions may include, but are not limited to, contempt proceedings against the attorney or party not represented by counsel, as well as the assessment of costs incurred by the opposing party, when appropriate.
Committee Notes
-1991 Amendments. — This amendment tracks-Florida Rule of Criminal-Procedure 3.220^--There are some sections of the criminal-rule that have not been -adopted-^or-juvenile-proceedings and-a few-that-have been conformed to-present juvenile rules.
-(d)(6) The provision that a defendant child-not be present at a deposition-is similar to the-corresponding criminal rule.
-(d)(8) Many witnesses in juvenile -court are children-u-nder 16 and the videotaping of testimony is not always-necessary. — The amendment mandates videotaping- on -demand-of a party.
-1992 Amendments, — (b) This amendment-conforms this-rule-to Florida-Rule-of Criminal Procedure 3.220(d)(1). — It also is consistent with the amendment made — to Florida — Rule—of—Juvenile—Procedure 8.060(d)(6) ⅛4991-
-(d)(2)(D) This section has been copied from — Florida Rule -of Criminal Procedure 3.220(h)(1) and also seems appropriate for delinquency cases.
-(g) This -section- currently incorporates protective orders^ in camera proceedingsT and -altering time in-1 section. — They should *688 be-separate -seetions and spelled out in more detail.
-(i)-This is — another—section-of Florida Rule of Criminal Procedure 3.220(i) that also seems-appropriate in delinquency cases.-
-(j) This is adapted from Florida Rule-of Criminal Procedure 3.220(l). — Protective orders are referred to elsewhere in the--delinquency — portion-of these-rules, but not defíned
-(k)-This — adaption from the — criminal rules has more-precise language that helps safeguard the -record for appellate purposes.
-(l) Current rule 8.060(i) has-been-redesignated(l);
Court Commentary
1996 Amendment. This amendment generally conforms the rule to the 1996 amendment to Florida Rule of Criminal Procedure 3.220.